In the Matter of the ESTATE OF Anna L. SIMPSON, Deceased.

Frank HALUSKA, Leroy Haluska, Loren Haluska, Michael Lesko, and Nancy Pivik, Heirs and Beneficiaries under the Terms of the Last Will and Testament of Anna L. Simpson, Appellants,

v.

Harold HESLINGA, Executor of the Estate of Anna L. Simpson, and John Lesko, An Heir and Beneficiary under the Terms of the Last Will and Testament of Anna L. Simpson, Appellees.

No. 87–1032.

Court of Appeals of Iowa.

March 23, 1988.

Craig A. Gustafson and John A. Pabst of Clements, Pabst & Stravers, Oskaloosa, for appellants.

Gerald F. Heslinga of Heslinga, Heslinga & Dixon, Oskaloosa, for executor-appellee.

James Q. Blomgren, Oskaloosa, for appellee, James M. Lesko.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

Appellants, the heirs of three siblings of the deceased, Anna Simpson, appeal the decision of the district court to distribute the bulk of the assets of Anna's estate by way of intestate succession. The appellants assert Iowa Code section 633.273, the antilapse statute, applies to prevent partial intestacy here.

In 1969, Anna executed a will providing, in paragraph II, for the following distribution:

All the rest, residue and remainder of my property, both real and personal, wheresoever situate, and whether now owned by me or hereafter acquired, I will, devise and bequeath as follows:

One-fourth (¼) thereof to my sister, HELEN HALUSKA, now of Albia, Iowa;

One-fourth (¼) thereof to my sister, BETTY SAJATOVICH, now of Chicago, Illinois;

One-half (½) thereof to my brother, ANDY LESKO, now of Rock Springs, Wyoming.

If either of my said sisters should predecease me, it is my will that the share that would otherwise have gone to her shall go to my surviving sister.

If neither of my said sisters should survive me, it is my will that the share of my said deceased sisters shall go to my brother.

In the event my said brother should not survive me, then I will and bequeath the sum of One Thousand Dollars, ($1,000.00), to my niece, NANCY PIVIK, now of Rock Springs, Wyoming, and the balance of his share to my above mentioned sisters, or the survivor of them.

This will included no provisions for her brother, John Lesko, who had died in 1962, or for his heirs.

In 1981, Anna became a ward of the court and thereafter was undisputedly unable to execute a new will. In 1985, Anna's brother, Andy Lesko, died; and in 1986, Anna's sisters, Helen Haluska and Betty Sajatovich, died. Andy and Helen were survived by their children and Betty was survived by her husband. Anna died in 1987 and was not survived by a spouse or children.

The appellants assert the antilapse statute applies to preserve the distribution outlined above in Anna's will and thereby precludes James Lesko, the surviving son of Anna's brother John, from receiving a portion of Anna's estate through intestate succession.

We note, however, it is well-settled Iowa law that the antilapse statute does not apply to bequests conditioned upon survivorship. *Bankers Trust Co. v. Allen*, 257 Iowa 938, 945, 135 N.W.2d 607, 611 (1965). In Anna's will, it is clear if one or two of the three siblings named predeceased her, the surviving sibling(s) would receive a proportionally larger share and the heirs of the predeceased sibling(s) would receive nothing. Thus, under all of the contingencies contemplated by the will, the bequests to Anna's siblings were conditioned upon survivorship and could not, therefore, be saved by the antilapse statute.

We are not persuaded these bequests could nonetheless be saved by the antilapse statute where the circumstance which occurred, Anna being predeceased by all of her siblings, was not contemplated by the will. The appellants contend the will expresses the intention that John Lesko's heirs not share in her estate by its failure to name John Lesko as a beneficiary. We cannot agree this failure carries such weight. Anna clearly intended her surviving sibling(s) to receive the bulk of her estate. At no point, however, did she provide for the heirs of any of those siblings. Anna simply did not in her will consider the

possibility she might survive all of her siblings. Thus, the fact she lacked the capacity to change her will at the time this overlooked contingency occurred is of no significance regarding which of her siblings' heirs should receive a portion of her estate.

We conclude, therefore, the district court was correct not to attempt to rewrite Anna's will to provide for such a distribution. *See In re Estate of Fairley*, 159 N.W.2d 286, 291 (Iowa 1968).

AFFIRMED.